UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN - GREEN BAY DIVISION

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 04-CR-40

WILLIAM N. MARTIN, JR.,

Defendant.

---

**DEFENDANT'S OBJECTION TO MAGISTRATE'S ORDER AND RECOMMENDATIONS REGARDING BILL OF PARTICULARS**

On October 20, 2004, the Magistrate Judge issued his Order and Recommendations on the Defendants' Pretrial Motions. (Docket #127). Martin objects in part to the Magistrate Judge's order regarding the issuance of a Bill of Particulars.

The Magistrate Judge's Order and Recommendations granted Martin's motion for a bill of particulars, and stated that the government shall file said document under seal by November 1, 2004. The bill of particulars is to identify which child (or children) is the alleged victim for each count.

Martin agrees with the Magistrate Judge's order granting the bill of particulars, and obviously does not object to that portion of the order. However,

Martin respectfully objects to the portion of the order that allows the government to identify more than one victim per count.

Martin's original submissions on the bill of particulars issue (see Docket #'s 84 (filed under seal) and 108) argued that the government must elect one victim for each count because the statutes refer to singular victims -- "a person" and "a minor." The Magistrate Judge addressed this argument, but thought that this argument "addresses an issue other than a bill of particulars. It raises the issue whether certain counts of the indictment should be dismissed as duplicitous. That issue is premature and is not currently before the court by way of motion." (Order and Recommendations at 26.) The Magistrate Judge went on to say that if Martin was considering a duplicity motion, "it should be noted that the title of each of the cited offenses contemplates multiple victims." *Id*.

Martin reiterates his original argument that the government must elect one victim for each count. All of the charged statutes refer to singular victims.[1] The Magistrate Judge's order, when it allows more than one victim per count, violates

---

[1] (emphasis added to all) 18 U.S.C. § 2241(c) = "whoever crosses a state line with intent to engage in a sexual act with *a person* who has not attained the age of 12 years. . ."

18 U.S.C. § 2251(a) = "any person who employs, uses, persuades, induces, entices, or coerces *any minor*. . ."

18 U.S.C. § 2423(b) = "a person who travels in interstate commerce. . . for the purpose of engaging in any illicit sexual conduct with another person. . . ;" and 18 U.S.C. § 2423(f), defining "illicit sexual conduct" as "a sexual act. . . with *a person* under 18 years of age. . ."

18 U.S.C. § 2252(a)(2) = Any person who. . .knowingly receives. . . a visual depiction. . . if the producing of such visual involves the use of *a minor* engaging in sexually explicit conduct. . ."

18 U.S.C. § 2252(a)(4)(B) = "knowingly possesses one or more books. . .which contain any visual depiction. . . if the producing of such visual depiction involves the use of *a minor*. . ."

the "plain meaning" canon of statutory construction. "The first rule of statutory construction is to give words their plain meaning. 'It is well established that where the statute's language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms.'" *United States v. Jones*, 372 F.3d 910, 912 (7th Cir. 2004)(*citing Lamie v. U.S. Tr.*, 124 S.Ct. 1023, 1030 (2004)). The meaning of "a person" or "a minor" is plain. "A" signifies one person or one minor. Congress could have written the statute in the plural ("a person or persons") if it had wanted to, but it did not. Furthermore, it is not absurd to read the statute in the singular, for that is the clear, grammatical, and plain reading of the statute. To read a plural into a clearly singular statute defeats the plain meaning of the text. As such, Martin objects to the Magistrate Judge's order to the extent that it allows a plural response in the bill of particulars.

Additionally, to the extent that the Magistrate Judge's order addresses the premature duplicity argument, Martin points out that the title of a statute cannot limit the plain meaning of the text. For interpretive purposes, the title is of use only when it sheds light on some ambiguous word or phrase. *Pennsylvania Dept. of Corrections v. Yesky*, 118 S.Ct. 1952, 1956 (1998)(*citing Trainmen v. Baltimore & Ohio R. Co.*, 67 S.Ct. 1387 (1947)).

Martin agrees that the issue of duplicity is not yet before the Court. Martin reserves the right to raise the issue of duplicity, should the government's bill

of particulars identify more than one victim per count, as is allowed by the Magistrate Judge's order.

Dated at Milwaukee, Wisconsin, November 1, 2004.

Respectfully submitted,

**s/ Tom Phillip**
Tom Phillip, Bar #1023113
Brian Mullins, Bar #1026891
Attorneys for Defendant
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301-4401
Tel: 920-430-9900
Fax: 920-430-9901
Tom_Phillip@fd.org
Brian_Mullins@fd.org

N:\Cases-Open\M-N\Martin, William\Pretrial\Objs -- 102004 AEG order.wpd


Case 1:04-cr-00040-WCG Filed 11/01/04 Page 4 of 4 Document 134