UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN - GREEN BAY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 04-CR-40

WILLIAM N. MARTIN, JR.,

    Defendant.

## DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDATION TO DENY MARTIN'S MOTION TO SUPPRESS STATEMENT

### I.

### INTRODUCTION

On October 20, 2004, the Honorable Aaron E. Goodstein recommended that this Court deny Defendant William N. Martin, Jr.'s motion to suppress his January 23, 2004 statement. The magistrate judge found that the approximately 24-hour period between the time Martin was arrested until his initial appearance before a magistrate judge was not "unnecessary delay" for purposes of FED. R. CRIM. P. 5(a)(1). The magistrate judge therefore recommended that Martin's incriminating statement, which he provided between the time of his arrest and his initial appearance, was admissible.

Martin now objects, pursuant to 28 U.S.C. § 636(b), to the magistrate judge's factual finding that an evidentiary hearing was not necessary, and to the magistrate judge's legal conclusion that no unnecessary delay occurred between Martin's arrest and his initial appearance. Martin attaches his memorandum in support of his motion to suppress. (Attachment A).

## II.

## ARGUMENT

### A. Decision to Deny Evidentiary Hearing.

Martin requested an evidentiary hearing with respect to his motion to suppress evidence. Martin and the government agreed that the following mixed legal and factual issues were in dispute and required a hearing for resolution: 1) whether the time period between Martin's arrest and his appearance before the magistrate judge was "delay" for purposes of Rule 5; and 2) if so, whether that delay was necessary.

The government subsequently filed an affidavit from FBI Special Agent Eric Brelsford, one of the agents who arrested Martin. (Attachment B). The magistrate judge denied Martin's request for an evidentiary hearing, noting that Martin did not dispute the factual assertions made in Agent Brelsford's report.

Martin asked the magistrate judge to reconsider his decision denying Martin's request for an evidentiary hearing. (Attachment C). Martin explained that,

although he did not dispute Brelsford's affidavit, further facts needed to be developed to determine whether the delay between Martin's arrest and his initial appearance was necessary. For example, Brelsford said that the delay was caused due to snowfall in Beaver Dam on the day Martin was arrested. But Brelsford did not indicate when the snow started to fall--before or after Martin was arrested.

Brelsford also did not state whether the agents knew in advance whether snow was expected. If the agents did know in advance about the snowstorm, Martin maintains that the agents should have transferred him immediately upon his arrest to Green Bay in order to make his initial appearance and, just as importantly, receive the assistance of counsel. Instead, the agents' priority was to transport Martin to the Beaver Dam police station for interrogation.

Finally, Brelsford did not inform the parties whether the snow was so severe that he needed to stay in Beaver Dam on the evening of January 23. Brelsford is assigned to the FBI's Milwaukee office. Martin maintains that, if Brelsford was able to return to the Milwaukee area on January 23, this fact detracts from the necessity for delaying Martin's initial appearance due to the snowstorm.

The magistrate judge denied Martin's motion to reconsider his decision denying the request for an evidentiary hearing. Because Martin raises facts that are in dispute and are not answered by Agent Brelsford's affidavit, Martin maintains that the magistrate judge's decision denying Martin's request for an evidentiary

3

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.
Case 1:04-cr-00040-WCG   Filed 11/01/04   Page 3 of 8   Document 136

hearing was erroneous. Martin asks this Court to order an evidentiary hearing on Martin's motion to suppress to allow Martin to supplement the record.

### B. Recommendation to Deny Motion to Suppress.

The magistrate judge found that Martin cannot argue that his confession was the result of delay because it was made shortly after arriving at the police station, "before delay was even possible." (Magistrate Judge's Recommendation at p. 21). The Court distinguished Martin's situation from the facts in *McNabb v. United States*, 318 U.S. 332 (1943), and *Mallory v. United States,* 354 U.S. 449 (1957), because Martin's confession was voluntary and he was advised of his constitutional rights.

Whether Martin was advised of his rights and whether his confession was voluntary is irrelevant. *McNabb* and *Mallory* held that Rule 5(a) requires a court to suppress any statement by an arrested defendant, regardless of its voluntary nature, where the initial appearance was unnecessarily delayed to extract a confession. *McNabb*, 318 U.S. at; *Mallory v. United States*, 354 U.S. 449 (1957). Martin contends that the officers transferred him to the Beaver Dam police station in order to interrogate him without benefit of counsel, rather than immediately taking Martin to Green Bay for his initial appearance where he could have received the advice of counsel regarding the propriety of giving a statement to law enforcement without counsel present. Although Martin concedes that he gave his statement shortly after

he was arrested, and his statement was voluntary, his statement should still be suppressed under the *McNabb-Mallory* Doctrine because officers delayed his initial appearance in order to obtain a confession, and the confession was offered during the period of delay.

The magistrate judge observed that it was not reasonable for Martin to suggest that the agents should have immediately transported Martin to Green Bay for his initial appearance instead of taking him to the Beaver Dam police station for questioning. But Martin was arrested on a federal warrant, by agents from the Federal Bureau of Investigation who had been building a case against Martin for months, if not years. Given the pervasively federal nature of this investigation, why did the officers need to book Martin at the local police station? And why were the officers unable to immediately transport Martin to Green Bay for his initial appearance, and then administer the booking procedures? Martin maintains that it is not unreasonable to infer that the answer to these questions is because the agents wanted to question Martin before he had access to counsel, which is precisely what Rule 5 was designed to protect against. In this respect, contrary to the magistrate judge's recommendation, Martin's confession was the result of the delay in bringing him before a magistrate judge for his initial appearance.

The magistrate judge compares this case to *United States v. Davis*, 532 F.2d 22 (7th Cir. 1976), where the court held that Davis's confession was not the

product of delay between his arrest and his initial appearance. Davis was a postal service employee in Chicago. Postal inspectors observed him stealing mail. The postal inspectors arrested Davis at approximately 1:45 p.m., immediately took him to the postal inspectors' office, and advised him of his constitutional rights. Because the forms and equipment necessary for his processing were not present, he was transported to the main Chicago post office – a 10 to 15 minute drive from the postal inspectors' office. He was escorted to an interview room, again advised of his rights, and gave an incriminating statement. He was arraigned the morning.

The Seventh Circuit affirmed the district court's decision denying Davis's motion to suppress his statement based on unnecessary delay between his arrest and his initial appearance. 532 F.2d at 25-26. The court noted that Davis was advised of his rights, was not subjected to the "third degree," and that any delay was reasonable because the postal inspectors needed to discuss the case with an assistant United States Attorney so that a prosecutor's decision could be reached and a complaint and warrant could be prepared. 532 F.2d at 25-26.

The *Davis* court essentially held that, given the legitimate reasons to delay the defendant's initial appearance, the court could not infer that the delay occurred in order to obtain a confession. But the reasonable inference in the case at bar is that the delay between Martin's arrest and his initial appearance was to obtain Martin's statement. Unlike *Davis,* the agents in this case already had a warrant to

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

arrest Martin. Further, an initial appearance was scheduled for 4 p.m. on the day Martin was arrested. Defense counsel arrived at the initial appearance, however, was advised by the Court's staff that the agents informed the Court that they could not make the 4 p.m. court appearance.

Knowing that a court appearance was scheduled for 4 p.m., the agents should have immediately transported Martin to Green Bay upon his arrest, especially given the uncertain weather on that day. Instead, and Martin maintains in order to extract a confession, the officers transported Martin to the nearest police station to subject him to interrogation before he was able to consult with counsel. Martin therefore objects to the magistrate judge's conclusion that this delay in bringing Martin before a magistrate judge did not cause him to give incriminating statements to law enforcement.

## III.

## CONCLUSION

William Martin requests that the Court suppress the statement he made to law enforcement on January 23, 2004. Alternatively, Martin asks the Court to order an evidentiary hearing on this issue and to allow Martin to supplement the record with the additional facts obtained at the evidentiary hearing.

Dated at Milwaukee, Wisconsin, November 1, 2004.

Respectfully submitted,

**s/ Tom Phillip**
Tom Phillip, Bar #1023113
Brian Mullins, Bar #1026891
Attorneys for Defendant
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301-4401
Tel: 920-430-9900
Fax: 920-430-9901
Tom_Phillip@fd.org
Brian_Mullins@fd.org