UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 04-CR-40

WILLIAM N. MARTIN, JR.,

Defendants.

---

**GOVERNMENT'S RESPONSE TO MARTIN'S OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDATION REGARDING BILL OF PARTICULARS**

---

The United States of America, by its attorneys, Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, and William J. Roach, Assistant United States Attorney, hereby files this response to the defendant's objections to the Magistrate Judge's Recommendations regarding the issuance of a bill of particulars.

**INTRODUCTION**

The defendant is one of three subjects charged in a multi-count fourth superseding indictment alleging a variety of crimes in violation of Chapter 109A entitled Sexual Abuse and Chapter 110 entitled Sexual Exploitation and Other Abuse of Children. Martin filed a request for a bill of particulars seeking the name of the alleged victim that was the subject of each count. In part because prior to the filing of his request, the government had already supplied Martin via a letter with a breakdown count by count of the victim(s) alleged to be involved in each offense, the government opposed this request. Magistrate Judge Goodstein nonetheless concluded that "a letter does not carry the legal impact of a bill of particulars" and ordered the government to file a

"bill of particulars that identifies which child (or children) is the alleged victim for each count of the indictment." The government has complied with this order and has filed a bill of particular that mirrors its earlier submission to Martin by letter.

Martin's objection to Magistrate Judge Goodstein's order continues the erroneous belief argued in his initial motion for a bill of particulars that a single count can only contain a single victim. While Magistrate Judge Goodstein did not specifically address the issue the defendant has been put on notice of all along– that some of the counts have multiple victims involved– he did tip his hand by referencing the statutory title which includes *children* and *minors*. Magistrate Judge Goodstein's order also cited a case "rejecting a victim driven approach."

**ARGUMENT**

Martin's claim that each count can only have one victim is based solely on the argument that since the applicable statute lists a singular victim, charging an offense with multiple victims violates the plain meaning of the statute and presumably is therefore duplicitous. Martin's argument is flawed logically and not a requirement legally. To begin with, assume a production of child pornography count involves images of multiple child victims as is the case in Counts 2, 4, and 7. It is illogical and inconsistent with the obvious purpose of the statute[1] (18 U.S.C. 2251) to limit a charge to only one minor depicted while ignoring the others similarly engaged in

---

[1] The Congressional Findings with respect to this statute repeatedly refer to the exploitation of *children*. Specifically, Pub.L. 104-208, September 30, 1996 states "(1) the use of children in the production of sexually explicit material, including ...computer images, is a form of sexual abuse which can result in physical or psychological harm, or both, to the children involved." Similarly, the purpose behind the applicable provision of § 2241(c) was stated plainly by one of its authors, Senator Feinstein, when she testified the acts "purpose is to try to provide a Federal response to those who molest *children*." 142 Cong. Rec. 8638 (emphasis added).

sexually explicit conduct. Taken to its logical conclusion, such a scenario would force the government to charge, for example, five separate production counts for the identical image so as to reflect each of the five minors depicted. Charging in such a fashion would clearly be multiplicitous i.e. separate counts of the indictment charging a single offense.

An additional illogical scenario is easily envisioned under Martin's interpretation of § 2241(c) (Counts 1, 3, and 5) and § 2423(b) (Count 6). Assume again, that a defendant crosses a state line (or travels) with the intent to commit a sexual act against four separate minors. Under Martin's reading of the statute, in that scenario four separate charges would have to be issued. Since intent is a necessary element of each violation, Martin's must therefore believe that in order to convict, the government must establish four separate intents (for the four separate victims) on the part of the defendant. Obviously, a more logical reading of the statute contemplates a single intent, and hence a single charge, on the part of the defendant with multiple victims as the focus of that intent.

Beyond the illogic of Martin's reading of the applicable statutes, there is no legal impediment to having multiple victims as the basis for violations of 18 U.S.C. §§ 2241(c), 2251, or 2423(b). Charging in such a manner is not duplicitous[2] and is supported by the Supreme Court's decision in *Bell v. United States*, 349 U.S. 81 (1955). In *Bell*, 18 U.S.C. § 2421, also known as the Mann Act, was before the Supreme Court on the issue of whether an individual who admitted transporting two women in the same car on the same trip for purposes prohibited by that statute, committed one or two statutory violations. The Court held only one violation of the statute occurred ruling that "doubt will be resolved against turning a single transaction into

[2] Duplicity is the joining of two or more offenses in a single count. *United States v. Buchmeier*, 255 F.3d 415, 421 (7th Cir. 2001).

multiple offenses..." Id. at 84.

The offenses with which Martin is charged should be similarly interpreted. For example, in § 2241(c) offenses, the forbidden act of crossing a state line to engage in sexual activity with a minor is only one act regardless of the name or number of minors involved. Illustrative of the lack of focus on the victim are cases where convictions have been upheld when law enforcement merely poses as a minor. *United States v. Root*, 296 F.3d 1222(11th Cir. 2002).

Finally, in response to Martin's claims that a "plain reading" of the applicable statutes supports a finding that only single victims can be alleged, the government would point to just a few of the many statutes written in the singular but applied in the plural. Section 2421, the previously discussed Mann Act, refers to an "individual" but has been held applicable to individuals. *Bell* 349 U.S. 81. The felon in possession of a firearm statute refers to a "firearm" but several firearms simultaneously possessed by a convicted felon on a single date and location constitutes a single offense. *United States v. Filipponio*, 702 F.2d 664, 667 (7th Cir. 1983).

**CONCLUSION**

For the aforementioned reasons, the government respectfully requests that the defendant's objections to the magistrates order be denied and that the Court find the Bill of Particulars submitted by the government sufficient notice of the victims involved with each count.

Dated this 4th day of November, 2004.

STEVEN M. BISKUPIC
United States Attorney

By:

s/William J. Roach
Assistant United States Attorney

William J. Roach Bar Number: 1018756
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1708
Fax: (414) 297-1738
E-Mail: william.j.roach@usdoj.gov