UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 04-CR-40

WILLIAM N. MARTIN, JR.,

Defendant.

---

**MARTIN'S OBJECTION TO SANDVIG'S MOTION TO PROHIBIT MARTIN FROM UTILIZING SERVICES OF DR. BERLIN**

William N. Martin, Jr., by counsel, hereby objects to co-defendant Sandvig's motion to prohibit Martin from utilizing the services of Dr. Fred Berlin. (*See* Docket #171). Martin requests that the Court deny Sandvig's motion on the grounds that granting it would offend Martin's Fifth and Sixth Amendment right to present a defense, that it is without authority, and that it is premature.

By way of preliminary information, while counsel for Martin has not spoken to Dr. Berlin regarding Sandvig's motion as of the time of this filing, counsel are certain that the parties are speaking of the same Dr. Fred Berlin. Counsel

checked; there is and was only one Dr. Berlin on staff at Johns Hopkins University, then or now.

Martin offers the following reasons in support of his objection.

## ARGUMENT

**1. *Sandvig's motion offends Martin's Sixth Amendment right to present a defense.***

Sandvig has raised a thorny issue. The core of the issue is the conflict between Sandvig's factual defense and Martin's legal defense. Both have constitutional significance. While Martin clearly wants to call Dr. Berlin as a witness in his defense and thus objects to Sandvig's motion, he recognizes that the court will have to weigh potentially conflicting interests between these two defendants.

Under the Sixth Amendment, Martin has the constitutional right to present a defense. *Chambers v. Mississippi*, 410 U.S. 284 (1973). This right includes the defense of his choosing, presented in the manner he desires. *Brooks v. Tennessee*, 406 U.S. 605 (1972). While evidentiary, legal, ethical, and practical restrictions exist, Martin has the right and ability to present his defense as he and his counsel see fit. Here, that defense rests almost entirely upon 18 U.S.C. § 17.

The Court has heard, in other contexts, of the relative size of the "mountain" of evidence against Martin as compared to Sandvig. While making no admissions or concessions as to admissibility, counsel is aware that the government is in possession of strong photographic evidence probative of Martin's conduct. On

review of discovery, and on information and belief, counsel is aware of no such similar photographic evidence regarding Sandvig. To an outsider, one of Sandvig's potential defenses must be that Sandvig did not participate in the alleged offenses, as there is no physical evidence linking him to the crimes. To be blunt, Martin has not that defense.

Martin's eggs, to coin a phrase, are all in Dr. Berlin's basket. A defense under 18 U.S.C. § 17 practically is all Martin has. To prevent Dr. Berlin from testifying on behalf of Martin would be to prevent Martin from presenting a defense. Sandvig, with or without Dr. Berlin, has the same defense — non-participation. Dr. Berlin cannot testify to the facts of the alleged offenses. His testimony would be limited to Sandvig's treatment, which took place approximately 17 years ago. By comparison, Dr. Berlin's potential testimony regarding Martin would be based on an examination that will have taken place within weeks of trial. Dr. Berlin's potential testimony would go toward Martin's affirmative defense under 18 U.S.C. § 17. If weighing the interests of the defendants must be done, the balance should come out in Martin's favor.

**2. *Sandvig's motion is without authority.***

Sandvig's motion cites one case, *Jaffee v. Redmond*, 518 U.S. 1 (1996). *Jaffee* held that federal law recognizes the privilege protecting confidential

communications between a psychotherapist and her patient. *Id.* at 15. Counsel has no bones to pick with *Jaffee*'s holding. The privilege exists.

While the privilege exists, *Jaffee* does not support Sandvig's request for relief. Sandvig asks, variously, that the Court enter an order "prohibiting co-defendant Martin from further utilizing the services of Dr. Fred Berlin, M.D. in the defense of his case," (Sandvig motion at 1), and that the Court enter an order "prohibiting William Martin and his lawyers from having further contact with or utilizing the services of Dr. Fred Berlin in this matter." (Sandvig motion at 3).

Sandvig cites no authority for the relief he requests, much less for the proposition that the Court has the authority to give it. Counsel is aware of no power possessed by the Court that would allow it to grant Sandvig's request.

Sandvig argues that Dr. Berlin possesses confidential and privileged information about Sandvig that Dr. Berlin cannot be compelled to reveal under *Jaffee*. At the risk of repetition, counsel again states that he has no quarrel with *Jaffee's* holding. Counsel will go further and state that he agrees that Dr. Berlin has privileged and confidential information about Sandvig that Dr. Berlin cannot be compelled to reveal.[1] Where counsel and Sandvig part company is that counsel does not see how Dr. Berlin would be compelled to disclose Sandvig's confidences. Counsel here states that he will not ask Dr. Berlin even a single question regarding

[1] Absent a waiver from Sandvig. See *Jaffee* at 15.

Sandvig. Though counsel cannot speak for Dr. Berlin, counsel does expect that as a long-standing professional in his field Dr. Berlin is no more likely to answer a question posed by counsel for Martin about Sandvig than he would be if Martin asked a specific question about any of the thousands of other patients Dr. Berlin has treated in his extensive career.

Sandvig makes the argument that "[p]art of Dr. Berlin's expertise in the field is based upon his treatment of Mr. Sandvig." (Sandvig motion at 2, ¶6). As Sandvig was one of Dr. Berlin's countless patients, this is true, just as a beach is made of grains of sand. If Sandvig were Dr. Berlin's only patient, then Sandvig's argument to prevent Martin's utilization of Dr. Berlin would hold water. However, Dr. Berlin is the director of an institute devoted to the treatment of sexual disorders. He is on the staff of a major teaching hospital. While the coincidence remains surprising, Sandvig is still just one of many patients upon whom Dr. Berlin has built his expertise. His prior treatment by Dr. Berlin can hardly be considered to be the sole basis for any expert opinion regarding Martin.

Sandvig's motion is also internally inconsistent. Paragraph 4 indicates that Dr. Berlin is anticipated to testify about Sandvig's completion of treatment and the positive impact of such treatment, in regards to both the pretrial prior conviction issue and at trial in defense of the acts alleged. However, Paragraph 6 of Sandvig's motion indicates that he will assert the *Jaffee* privilege to "keep his information

known to Dr. Berlin confidential and does not consent to its revelation by Dr. Berlin in this matter." However, if Sandvig calls Dr. Berlin as a witness on the subject matter of the prior treatment, the privilege will be waived. Martin calling Dr. Berlin as a witness would add or subtract nothing to or from that waiver.

**3. *Sandvig's motion is premature.***

Sandvig's motion presumes that the Court has already ruled in favor of admitting evidence of Sandvig's prior conviction. However, the Court has not yet ruled on the government's request to admit evidence of the prior conviction. Unless and until the Court does so, Sandvig's motion is premature. Dr. Berlin could testify at a pretrial, non-jury hearing on the government's motion, but such testimony would not implicate Sandvig's concerns. Counsel is unsure how, or even if, Dr. Berlin would testify at trial during Sandvig's defense case if evidence of Sandvig's prior conviction is not allowed.

Once again, unless and until the Court rules on the admissibility of Sandvig's prior conviction, Sandvig's motion to prohibit Martin from utilizing the services of Dr. Berlin is premature.

## CONCLUSION

Therefore, based on the reasons above, Martin objects to Sandvig's motion to preclude him from having further contact with or utilizing the services of Dr. Berlin in this matter. Martin requests that the Court deny Sandvig's motion.

Dated at Green Bay, Wisconsin, this 13th day of March, 2005.

Respectfully submitted,

**s/ Tom Phillip**
Tom Phillip, Bar #1023113
Attorney for Defendant
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301-4401
Tel: 920-430-9900
Fax: 920-430-9901
Tom_Phillip@fd.org

N:\Cases-Open\M-N\Martin, William - 04-027\Trial Materials\Reply to Sandvig Berlin motion final.wpd