# FEDERAL DEFENDER SERVICES
## OF WISCONSIN, INC.

LEGAL COUNSEL

Dean A. Strang
Nancy Joseph
William U. Burke
Brian P. Mullins
Calvin R. Malone
Thomas G. Wilmouth
Brian T. Fahl

517 East Wisconsin Avenue
Suite 182
Milwaukee, Wisconsin 53202

Telephone 414-221-9900
Facsimile 414-221-9901

March 18, 2005

Honorable William C. Griesbach
United States District Court
Eastern District of Wisconsin
125 South Jefferson Street
Green Bay, Wisconsin 54305-2490

RE:   *United States v. William N. Martin, Jr.*
         Case No.  04-CR-040

Dear Judge Griesbach:

This brief, in letter format, addresses the government's March 11, 2005 motions in limine, as the court requested.  As to topics that I do not address in this brief, the Court may assume that Mr. Martin and I take no issue with the government's motion.

   **A.  Business records.**

   Mr. Martin and the government agree that business records themselves are admissible hearsay under FED. R. EVID. 803(6).  Further, admissible business records present no confrontation concern of constitutional dimension under *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 1364-67 (2004).  However, the government seeks here to avail itself of the 2000 amendments to

Rules 803(6) and 902(11) that permit a sworn affidavit or certificate to substitute for foundational testimony from a records custodian or other qualified witness.[1] The use of certificates to lay the foundation for admissibility documents under Rules 803(6) and 902(11) presents a very different issue under *Crawford* and the Sixth Amendment's guarantee of confrontation.

Mr. Martin objects to the use of sworn certificates or affidavits (especially from a witness who is not unavailable) to substitute for the live testimony of foundational witnesses necessary for admission of business records. Because the certificates that the 2000 amendments to Rules 803(6) and 902(11) allow clearly are "testimonial," prepared with the expectation that they will be offered in court, not from an unavailable witness, not subject to earlier cross-examination, and offered in a form that prevents confrontation, Mr. Martin believes that *Crawford* abrogates those amendments to the rules in a criminal case upon timely objection. If the government wishes to offer business records under the hearsay exception in Rule 803(6), it must call an appropriate live witness, or live witnesses, to lay the foundation necessary to establish the admissibility of documents as business records.

I note that the Seventh Circuit sustained the 2000 amendment and its provision allowing foundational certificates, against the same confrontation clause challenge, in *United States v. Klinzing*, 315 F.3d 803, 809-10 (7th Cir. 2003). However, *Klinzing* was decided before *Crawford*. The rationale of *Klinzing* rests on a mode of analysis under the confrontation clause (inquiring into reliability and whether a hearsay exception was firmly-rooted) that no longer governs. *Crawford* instead is the rule today, and requires a very different mode of analysis under the confrontation clause. The certificates are testimonial hearsay offered without prior opportunity for cross-examination,

---

[1] Although the government's motion *in limine* refers to proposed business record certificates attached to the motion, there were no attached certificates on the version served upon defense counsel. Mr. Martin assumes that the government has such certificates, but he has not seen them.

and they cannot overcome now a confrontation objection in a criminal case. The government must call live witnesses instead.

Assuming that the government calls appropriate witnesses, qualified to lay the foundation under Rule 803(6), the documents themselves I expect will prove admissible without a confrontation or hearsay objection. However, as to business records that do not relate to Mr. Martin, the Court should instruct the jury that such records may not be considered as evidence against Mr. Martin.

B.   **Summary Charts.**

The Court cannot assess the admissibility of these charts under FED. R. EVID. 1006 until counsel and the Court have seen them. Mr. Martin notes, though, that Rule 1006 makes no provision for selective summaries; it provides only that "[t]he contents" of voluminous records may be presented in the form of a chart, summary, or calculation if they cannot be examined conveniently in court. A summary should not be one-sided or selective in its emphasis, as that may mislead a jury. *See Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1, 7 n.14 (1st Cir. 1996).

C.   **Self-Authentication of Trade Inscriptions.**

The government argues that trade inscriptions are self-authenticating under FED. R. EVID. 902(7). That is true. But it does not suffice to permit the use the government intends.

Article IX of the Federal Rules of Evidence concerns authentication, which means identification of something as a condition precedent to admissibility. An item is authenticated "by evidence sufficient to support a finding that the matter in question is what its proponent claims." FED. R. EVID. 901(a).

Were the government's only purpose to establish that a trade inscription is a trade inscription, then, self-authentication would solve the problem here. But

the government's real purpose is very different: once admitted, it wants the trade inscription considered a declaration, and taken for its truth. That is, the government wishes the jury to conclude, from the trade inscription, that in fact the camera, camcorder, or hard drive was made in a foreign country. Evidence establishing the truth of that proposition is important, for that proposition goes directly to the commerce nexus element of some offenses here.

But authentication does not establish the admissibility of hearsay, which the rules of evidence treat instead in Article VIII. The government points to no applicable hearsay exception. Neither does it address here the confrontation problem that lurks in any criminal case, when a court considers admission of hearsay evidence.

### D. William Martin's Statement.

The government mistakenly asserts that Martin did not bring a motion contesting the admissibility of his statement. UNITED STATES OF AMERICA'S MOTIONS IN LIMINE at 8 (March 11, 2005). Mr. Martin did move to suppress his statement. *See* Docket Nos. 80, 110, 136, 167. Mr. Martin renews and stands on that motion. He has no other objection to admission of his statement.

### E. Defense Expert Report.

As counsel for Mr. Martin noted at the March 14, 2005, final pretrial conference, disclosure of an expert report by March 21 will be impossible. Mr. Martin remained under government examination longer than originally scheduled. Mr. Martin's proposed expert needs to review the report of the government expert. Further, the protective order only recently was modified to permit disclosure of discovery and that report to Mr. Martin's proposed expert. Co-defendant Sandvig's motion to bar Mr. Martin's use of his proposed expert also caused a loss of time, through no fault of Mr. Martin's, while the expert and his lawyer considered that possible conflict issue. With

Hon. William C. Griesbach
March 18, 2005
Page 5

these impediments cleared, counsel for Mr. Martin now is making every effort to arrange a prompt examination of Mr. Martin by the proposed defense expert. Counsel also has agreed to give the prosecutor, AUSA William Roach, an informal explanation of a verbal opinion from the proposed defense expert, as soon as defense counsel learns that verbal opinion. The Court twice has denied Mr. Martin's requests for adjournment, to permit adequate time to complete the psychiatric examination and to allow the proposed expert to testify at a time when his schedule permits. Under the circumstances, Mr. Martin's counsel are doing all they can to secure an expert opinion and report. On March 15, defense counsel did ask his office to provide the *curriculum vitae* of the proposed defense expert to Mr. Roach.

**F.     Children's Hospital Records.**

These records well may prove admissible at trial, either as prior inconsistent statements of a witness, or as substantive evidence rebutting the government's evidence. The fact that the government regards its evidence as strong or compelling, at least as to some children, does not preclude a defense effort to offer contrary evidence that otherwise is admissible. Hospital records may fall into that category.

**G.     Grooming Behavior.**

The evidence the government proposes to offer appears to be a matter of expert opinion, at least in part. The government has not complied with FED. R. CRIM. P. 16(a)(1)(G) in that respect, and does not attempt here to establish the admissibility of such testimony under FED. R. EVID. 702-703.

**H.     Inextricably Intertwined Evidence.**

The government's general discussion of a broad range of evidence, including alleged sexual assaults and web chats, does not meet the requirements of the doctrine of inextricably intertwined evidence in the Seventh Circuit. Such evidence must be related intricately to the charged crimes. Its absence here would not leave the "chronological or conceptual void in the story of the

crime" that the Seventh Circuit has described in explaining this doctrine. *United States v. Ryan*, 213 F.3d 347, 350 (7th Cir. 2000). The Seventh Circuit also has called this a "narrow" doctrine. *United States v. Senffner*, 280 F.3d 755, 765 (7th Cir. 2002). The breadth of the government's argument here threatens to render that restrictive description implausible.

Moreover, even inextricably intertwined evidence must pass the balancing that FED. R. EVID. 403 requires. *United States v. Ward*, 211 F.3d 356, 362 (7th Cir. 2000). At least some of this evidence cannot do that here. The accusations are highly inflammatory, and thus the danger of unfair prejudice is great. Further, jury confusion and waste of time in a trial with many counts and two defendants both present real concerns.

The same generality of argument, and the breadth of the evidence the government apparently seeks to offer beyond that directly bearing on the charged offenses, defeats its argument under FED. R. EVID. 404(b), too. Finally, Rule 404(b) evidence is subject to Rule 403 balancing just as is intricately related or inextricably intertwined evidence. So if the proffered evidence fails once under Rule 403, it fails twice.

Sincerely,

/s/
Dean A. Strang

DAS/lnb

c:  AUSA William J. Roach
    Waring R. Fincke
    William N. Martin, Jr.

N:\Cases-Open\M-N\Martin, William\Pretrial\031805Brief.wpd