**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Wisconsin*

*517 East Wisconsin Avenue*
*Milwaukee, WI 53202*

*414 / 297-1700*

March 18, 2005

Honorable William C. Griesbach
United States District Court
Eastern District of Wisconsin
125 South Jefferson St.
Green Bay, WI 54305-2370

RE: *United States v. William Martin* et. al., 04-CR-040

Dear Judge Griesbach:

At the recent pretrial conference involving the above entitled case, the Court requested a letter response from the respective parties addressing the matter of jury selection. In particular, the Court was interested in hearing the parties' positions concerning sensitive areas of questioning, as well as the extent of attorney participation in voir dire.

The government's position is that substantial efforts should be taken to minimize potential embarrassment to venire persons, generated by the very sensitive nature of this case. The government shall soon be forwarding a list of its requested voir dire questions that will inquire into topics pertinent to the case including the receipt, distribution of child pornography, and the sexual assault of young children. Doubtless, questions delving into these particular topics are potentially embarrassing for a venire person to answer, especially in a large group setting.

The best way to control and minimize the potential embarrassment flowing from an inquiry into such sensitive areas, and to avoid objectionable and repetitive questioning is for the Court and not the parties to cover all areas of voir dire. With respect to only those truly sensitive areas, the government proposes that the parties proceed in chambers with that venire person, and that the Court follow up with further questions designed solely to learn the general parameters of the venire person's belief or experience covered by the question. Before concluding with the ultimate question, that is, whether that experience alters the venire person's ability to remain fair and impartial, the Court can of course inquire of counsel whether further followup is requested.

There is no reason that all counsel cannot forward to the Court its list of proposed voir dire questions--as is done in virtually all federal cases. To better accommodate the parties' concerns that a complete voir dire occur, the government proposes that the Court provide the parties a list prior to trial of anticipated voir dire topics or specific questions that it intends on asking. And as always, during voir dire, should counsel believe further inquiry on a topic is necessary, a simple side bar with the Court can address the concern.

Very truly yours,

STEVEN M. BISKUPIC
United States Attorney

By:

S/WILLIAM J. ROACH
Assistant United States Attorney
Bar Number: 1018756
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1716
Fax: (414) 297-1738
E-Mail: william.j.roach@usdoj.gov