UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 Case No. 04-CR-40

KURT D. SANDVIG,

      Defendant.
_____

## MOTIONS IN LIMINE
_____

      COMES NOW Kurt D. Sandvig, by his Attorney, Waring R. Fincke, upon all records, files and proceedings, respectfully requests the Court for the entry of an order prior to trial providing for the following relief:

      1.     That the court reporter record all proceedings in this case including Voir Dire, opening statements, side-bar conferences, in-chamber conferences, the jury instruction conference, and closing arguments.

      2.     That all prosecution witnesses be excluded from the courtroom for the duration of the entire trial, commencing with Voir Dire, and that all prosecution witnesses be admonished not to discuss their proposed or completed testimony with any other witness during the pendency of this trial.

      3.     That the following be excluded from the jury's consideration through evidence, the statements of counsel or comment by the Court:

          a.     Any reference to the complainant's or witnesses in this case as "victims."

          b.     Any evidence concerning alleged acts of criminal or other misconduct by Mr. Sandvig either prior to or upon the date of the alleged offenses charged in the Indictment on the grounds that the probative value of such misconduct evidence, if any, is outweighed by its prejudicial

**Waring R. Fincke**                                                            Recycled Paper

effect and by the likelihood that the jury would infer that Mr. Sandvig is predisposed to commit crimes, was predisposed to commit the crimes charged, and there from, conclude the ultimate questions in this case upon an improper basis.

   c. All evidence that Mr. Sandvig exercised his constitutionally protected right to silence. <u>Doyle v. Ohio</u>, 426 U.S. 610 (1976).

 4 That the Court instruct the jury, prior to opening statements, with respect to the elements of the offenses, requirements of law relating to the burden of persuasion and production, proof beyond reasonable doubt, the presumption of innocence, the respective roles of the trial participants, the attorney's duty to object and the definition of evidence.

 5. That the prosecution be prohibited from any mention or use of physical evidence not previously disclosed to defense counsel.

 6. That the prosecution be prohibited from any use or reference to any statements made by any witness whom the Government intends to call at trial, either in its case-in-chief, or in rebuttal, that inculpate Mr. Sandvig which have not previously been disclosed to defense counsel.

 7. That the prosecution be prohibited from calling as a witness any person whom the prosecution knows, or should know through the exercise of due diligence, to have a criminal record, unless a copy of such record is disclosed to defense counsel prior to trial.

 8. That Mr. Sandvig be provided with counsel table separate from Mr. Martin and that Mr. Sandvig's counsel's questioning, opening statement and closing argument to the jury follow those of Mr. Martin.

 10. Establishing the procedures to be followed by counsel with respect to offers of proof, objections, motions during trial, and sidebar conferences.

 11. Instructing the jury as to the applicable law after closing arguments by counsel.

Dated at West Bend, Wisconsin, this 21st day of March, 2005.

        Respectfully Submitted,

        /s/ Waring R. Fincke

        _____
        Waring R. Fincke
        Attorney for Kurt Sandvig
        State Bar No. 01013875

**Waring R. Fincke**
Attorney at Law
1784 Barton Ave. Suite 17
West Bend, Wisconsin 53090

(262) 334-1030 (voice)
(262) 334-1035 (fax)

email - wrfincke@mail.execpc.com
website - http://www.execpc.com/~wrfincke