UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                             Case No. 04-CR-40

KURT D. SANDVIG,

      Defendant.
_____

## MOTION IN LIMINE TO RESTRICT THE SCOPE OF THE PROSECUTOR'S OPENING STATEMENT AND CLOSING ARGUMENT TO THE JURY

      COMES NOW Kurt D. Sandvig, by his attorney, Waring R. Fincke, hereby moves the Court for the entry of an order directing the prosecution to refrain from making uninvited comments in its statements and arguments to the jury concerning the following matters that are inadmissible as evidence and will not be raised by the evidence in this case:

      1.    Any comment on the Defendant's failure to testify in this case, including but not limited to the prosecutor reading to the jury any admonitory instructions which the Court may give concerning the fact that the accused's failure to take the stand can not be considered as a circumstance against him. Griffin v. California, 380 U.S. 609, 615, 14 L.Ed.2d 106, 110, reh. denied, 381 U.S. 957, 14 L.Ed.2d 730 (1965). Prosecutorial comment upon the Defendant's in-court behavior and consultation with his counsel must also be prohibited. United States v. Carroll, 678 F.2d 1208, 1209-10 (4th Cir. 1982); United States v. Pearson, 746 F.2d 787, 796 (11th Cir. 1984).

      2.    Any expression of the prosecutor's own feeling or belief that the defendant is guilty through comments such as a statement that the jury should depend on the prosecutor's integrity in seeking the conviction because the prosecution seeks conviction only when it is certain that the defendant is guilty or

**Waring R. Fincke**                                                           Recycled Paper

certain that the defendant's guilt can be proven beyond a reasonable doubt. See, Hall v. United States, 419 F.2d 582 (5th Cir. 1969) ("We try to prosecute only the guilty."); State v. Filipov, 576 P.2d 507 (Ariz. 1978) ("He's guilty, guilty, guilty."); People v. Bondhauer, 426 P.2d 900 (Cal. 1967); People v. Mantesta, 277 N.Y.S.2d 442 (N.Y. 1967) (Improper for prosecutor to venture personal assessment of the strength of this case compared to other cases that he has tried, e.g. "This is the strongest case I have ever seen.").

    3.    Any statement of facts of which the prosecutor claims to have personal knowledge without the prosecutor first being sworn and taking the witness stand, including but not limited to private conversations with witnesses, United States v. Wiley, 534 F.2d 659 (6th Cir. 1976), United States v. Hoskins, 466 F.2d 564 (9th Cir. 1971).

    4.    Any direct emotional appeal to the religious prejudices of the jurors, United States v. Krohn, 573 F.2d 1382, cert. denied; Hahn v. United States, 436 U.S. 947, 56 L.Ed.2d 792.

    5.    Any statement concerning facts that are neither supported by the evidence nor properly inferable from the evidence, United States v. Trapnell, 638 F.2d 1016 (7th Cir. 1977); or any argument from the basis of testimony ruled inadmissible and ordered stricken from the record; or any suggestion that additional inculpatory evidence exists which was not presented at trial due to legal rules, trial tactics, administrative convenience, repetitiveness or defense objections, Berger v. United States, 295 U.S. 78 (1935).

    6.    Any remarks which appeal to or arouse the jurors' emotions, fears, passions or prejudices which are not relevant to either prove elements of the offense or explain relevant facts; including but not limited to arguments which rely on patriotism, a desire for law and order, the role of the police in maintaining law and order, political prejudices, retribution or vengeance. Such tactics encourage the jury to give precedence to emotion in reaching a decision and are designed to urge the jury to base its determination on wholly irrelevant factors. See, Moses, Jury Argument in Criminal Cases, Sec. 1.02(g) (1985), and Gershman, Prosecutorial Misconduct, Sec. 10.2(a) (1985), for authorities collected therein.

    7.    Any statement concerning prior conduct or reputation of the defendant that is not in evidence.

    8.    Any statement to the effect that the community's attitude and sentiment is such that it demands that the jury convict the defendant, People v.

**Waring R. Fincke**

2

Case 1:04-cr-00040-WCG   Filed 03/21/05   Page 2 of 4   Document 197

Letterich, 413 Ill. 172, 108 N.E.2d 488 (1952); State v. Watson, 20 Ohio App.2d 15, 252 N.E.2d 305 (1969); People v. McNaspie, 261 App. Div. 657, 27 N.Y.S.2d 906 (1941); or that the jury has a civic duty to convict the defendant. A.B.A. Code of Professional Responsibility, Ethical Consideration 7 - 13; Berger v. United States, 295 U.S. 78, 88 (1935), and Moses, Jury Argument, supra at Sec. 1.02(f).

    9. Any personal attack on the integrity or personality of defense counsel, or any legitimate defense tactic, or any criticism, challenge or dare issued by the prosecutor to defense counsel. United States v. Stillwell, 900 F.2d 1104, 1112 (7th Cir.), cert. denied, 498 U.S. 838 (1990); See, Moses, Jury Argument, supra at Sec. 1.02(c).

    10. Any expression of the prosecutor's belief or opinion as to the truth or falsity of any evidence including but not limited to vouching for the credibility of witnesses, extra-record verification of testimony or promises to testify truthfully, or any characterization of testimony as false or "a lie". See, A.B.A. Standards for Criminal Justice, Sec. 3 - 5.8(b) (2d ed. 1982); A.B.A. Code of Professional Responsibility, Disciplinary Rule 7 - 106(4) (1976) (Duty of attorney not to "assert his personal opinion as to the justness of a cause, as to the credibility of a witness, or as to the guilt or innocence of an accused").

    11. Any reference to the accused, Kurt Sandvig, other than by his full name or his surname preceded by the appellation "Mr." or legal label "defendant", including but not limited to references tending to inflame the jury or suggest habitual criminal behavior. See, Gershman, Prosecutorial Misconduct, supra at Sec. 10.2(b).

    12. Any argument that would divert the jury from its duty to decide the case on the evidence by injecting issues broader than the issue of the proof of the culpability and guilt of the defendant.

    13. Any argument in which the prosecutor makes predictions of the social consequences of the jury's verdict, including but not limited to remarks concerning sentencing options, appellate review, or suggesting that re-trial is impossible because of double jeopardy protection. See, Gershman, Prosecutorial Misconduct, supra at Sec. 10.6(g).

    14. Any reference to the fact that this motion has been filed and that the Court has restricted the scope of the prosecution's argument.

**Waring R. Fincke**

Recycled Paper

Dated at West Bend, Wisconsin this 21st day of March, 2005.

>Respectfully Submitted,
>
>/s/ Waring R. Fincke
>
>_____
>Waring R. Fincke
>Attorney for Kurt Sandvig
>State Bar No. 01013875

**Waring R. Fincke**
Attorney at Law
1784 Barton Ave, Suite 17
West Bend, Wisconsin 53090

(262) 334-1030 (voice)
(262) 334-1035 (fax)

email - wrfincke@mail.execpc.com
website - http://www.execpc.com/~wrfincke