UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                            Case No. 04-CR-040

WILLIAM N. MARTIN, JR.,

      Defendant.

### GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

      The United States of America by its attorneys, Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, and Assistant United States Attorney William J. Roach, for said district, hereby request that pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the following voir dire questions be asked of potential jurors in the above-entitled action. The court is also requested to ask additional questions whenever a particular response suggests that further inquiry is appropriate.

### I. Introduction

1. Please state your name, residence, marital status, educational background, employment and employment of your spouse. If retired or unemployed, please state the nature of your last employment. Please state the number of children you have and their ages.

2. Have any of you ever served as a juror in a civil or criminal case?

      - If so, in what court?

      - Did the jury reach a verdict?

      - What was the verdict?

3. Do any of you know the defendants William Martin or Kurt Sandvig?

4. Do any of you know the counsel for the defendant?

5. Do any of you know Assistant United States Attorney William J. Roach and/or Assistant United States Attorney Brian Pawlak?

6. Do any of you know Special Agent Eric Brelsford of the Federal Bureau of Investigation?

7. The government may call the following persons as witnesses in this case: (List to be provided at trial).

Do you know any of these individuals?

## II. Computer Experience and Familiarity

8. The defendant in this case is charged with federal offenses, among others, which make it unlawful to transmit, receive and possess images depicting minors engaged in sexually explicit conduct, or to conspire to transmit, receive and possess such images. I refer to these laws using these specific terms because these terms have very particular meaning. For example "minor," means less than 18 years of age. "Sexually explicit conduct" has a very specific meaning. But for the purpose of this *voir dire* examination, I am going to refer to the offenses charged with the more familiar, short hand characterization: "child pornography." In this case, the government alleges that the defendant, William Martin, used his personal home computer to receive, send and store computer images of child pornography. Of course, the Indictment is not evidence, and it is the government's burden to prove its case beyond a reasonable doubt.

9. Do you own a home computer? Is your home computer a Macintosh or an IBM compatible?

10. Does your job entail working with computers? If so, please describe the nature of your work with computers.

11. Do you have any training in the field of computers, or specialized knowledge of computers, or of interactive computer services such as AOL? If so, please describe your training or specialized knowledge.

12. Do you access the Internet? If so, for what purpose or purposes do you access the Internet?

13. Have you ever used the Internet to enter a Web chat room? If so, have you ever used a web camera to see and communicate with another within a chat room or Web site?

14. Have you ever uploaded or downloaded a file on the internet? If so, have you ever used a file sharing program such as Kazaa, or Limewire?

15. Have you ever made a purchase over the internet? If so did you use, or have you ever used, the services of PayPal? Please describe the PayPal services you have used.

### III. Child Pornography Related Questions

16. Would the fact that this case involves charges of receiving and possessing images depicting minors engaged in sexually explicit conduct prevent you from rendering a fair and impartial verdict? Do you feel such laws should not

3

be enforced at all, enforced more vigorously than other laws or enforced less vigorously than other laws?

17. As I am certain you have surmised, a part of the evidence in this case will be the images themselves, which the government allege: (a) constitute child pornography; and (b) that the defendant had something to with, either by sending, receiving or possessing them in violation of federal law. These images may be distasteful, offensive, and unpleasant to view. However, the prospect of having to see distasteful, offensive or unpleasant evidence is not a basis to avoid the responsibility of jury service. Many cases, both criminal and civil, involve unpleasant things. If we excused prospective jurors on the ground that jury duty makes demands - including some unpleasant demands - then we could not function. Moreover, the parties have the right to expect that the prospective jurors will not seek to avoid jury service simply because they would rather not serve, or because they would like to avoid some unpleasantness. Having said that, is there anyone who honestly believes there is some compelling reason why he or she could not be an impartial juror - that is to consider all of the evidence and follow the law - simply because images depicting child pornography will be presented as evidence in the trial?

18. Do you have any opinions, religious beliefs, philosophies, or prejudices which would make you unable to come to a verdict in this case? For example,

do you believe that no person should ever be judged or convicted? Do you believe that a person is guilty just because they are here in court?

19. Some people are of the mistaken belief that transmitting or trading child pornography, including trading or transmitting child pornography by computer, is an activity that is protected by the Free Speech Clause of the First Amendment to our Constitution, or may otherwise be Constitutionally protected activity. I tell you that - as a matter of law - this is not the case. Congress has passed laws which make it a criminal offense to receive, transmit, and possess child pornography, and such activity is not protected by the First Amendment or by any other Constitutional right. Before I informed you just now that the receipt, transmission or possession of child pornography was not Constitutionally protected conduct, did you believe that it was? Do you believe that such activity should be protected by the First Amendment to the United States Constitution or by any other provision of the Constitution? Would you have any difficulty abiding by my instruction to you that such activity is not - as a matter of law - protected by the First Amendment to the United States Constitution or by any other provision of the Constitution?

### IV. Individual Voir Dire Questions

A number of very personal questions will now be asked by the court. Please listen to all the questions and at the end the court will inquire of the panel whether any of its members would answer yes to one or more of the questions asked or care to comment on any of the questions

asked. Should that be the case, the court and the parties will then conduct individual voir dire in chambers and outside the presence of the other jurors.

20. Does any member of the jury personally, or any spouse, close friend, or relative collect or regularly view "adult" material, that is photographs, magazines, videotapes or motion picture films, computer images, or any other similar materials which depict adults engaged in sexually explicit conduct?

21. Does any member of the jury believe that movies should not be rated and that persons under 18 years of age should be allowed to view whatever movies interest them?

22. Does any member of the jury believe it is acceptable for minors to view pornographic materials? Does any member of the jury believe that adult materials should be sold or provided to persons under 18 years of age?

23. Does any member of the jury believe that a minor is capable of consenting to sexual activity with an adult? Do you accept the proposition that a person has reached the age of consent at 18 years of age and not before that age?

24. Does any member of the jury personally, or spouse, close friend, or relative agree with the beliefs of the nudist, naturist, or naturalist movement? Does any member of the jury personally, or any spouse, close friend, or relative consider himself or herself a nudist, naturist, or naturalist? Does any member of the jury advocate or promote, or belong to a group, club, or organization that advocates or promotes the beliefs of nudists, naturists, or naturalists?

6

Case 1:04-cr-00040-WCG   Filed 03/28/05   Page 6 of 14   Document 202

Does any member of the jury receive or regularly have access to publications of nudists, naturists, or naturalists?

25. Has any member of the jury visited a nude beach? If so, where, when and how frequently?

    a. If so, was (were) the experience(s) a positive one, or a negative one?

    b. Would your experiences affect your ability to be fair and impartial in this case?

26. Does any member of the jury regularly visit nude beaches? If so, ask the same follow-up questions as in the previous question.

27. Does any member of the jury belong to NAMBLA or a similar organization advocating child-adult sexual relationships?

28. Does any member of the jury condone sexual activity between adults and minors, or between two minors under 18? If so, at what age do you think such activity is acceptable between an adult and a minor? At what ages do you consider sexual activity appropriate between two minors?

29. Can any member of the jury understand, or does any juror have trouble understanding, that a child victim of sexual abuse might be too embarrassed or too afraid to openly discuss and report the crime? Even to close family members?

30. Can any member of the jury accept the fact that a person who engages in child sexual abuse might appear to be normal in his dealings with others, to

all but the victim, or does any member of the jury think that pedophiles have certain, identifiable look?

31. Does any juror doubt that a child victim of sexual abuse would develop behavioral problems, including anger, do poorly in school, have trouble sleeping, and display irritability in his home or school environment?

32. Does any juror doubt that offenders manipulate the victims of child abuse and encourage silence by the victim through direct or indirect intimidation?

33. Does any juror doubt that child molesters can gain the trust and confidence of child victims, and continue to manipulate them over a period of time?

34. Does any juror doubt that offenders reinforce the cooperation and silence of child victims of sexual abuse by providing gifts to the victims.

35. Does any juror doubt that child molesters can gain the trust and confidence of the parents of a victim, and continue to manipulate them over a period of time during which the offender is abusing their child?

36. Does any juror doubt that offenders seek ways to legitimize to parents of child victims of sexual abuse the offender's repeated and prolonged social contacts with the child victims?

37. Does any member of the jury disagree with the position that homosexuality and pedophilia are separate and distinct phenomena, and that sexual interest in a minor of the same gender, by an adult, does not imply sexual interest in adults of the same gender? Similarly, sexual interest in an adult of the same

8

gender, by another adult, does not imply sexual attraction to a minor of the same gender?

38. Do you think you will have difficulty discussing sexual matters openly with your fellow jurors, specifically activities involving masturbation, oral sex, anal sex, and child sexual abuse?

39. Does any juror think he or she will have difficulty in viewing pornographic items of evidence?

40. Have you, any member of your family, or any close friend or relative ever been accused fairly or unfairly of child sexual abuse?

41. Have you made, or have you ever known anyone who made, a report of sexual assault or child sexual abuse? Have you made, or have you ever known anyone who made a false accusation of sexual assault, or child sexual abuse?

42. Have you, any member of your family, or any close friend or relative ever been involved in a child custody dispute in which allegations were made of child sexual abuse? If so, is there anything about the experience which causes you to feel unable to sit as a fair and impartial juror in this case?

43. These charges, by their very nature, involve a child witness. Is there anyone who feels:

    a. That children cannot be believed when they talk about sexual abuse, solely because of their age?

    b. That children lie about sexual abuse?

9

c. That adults are to be believed more than children because they are older and more mature?

d. That children who do not immediately disclose the sexual abuse to someone immediately cannot be believed?

44. Crimes of this nature are frequently committed in private without any independent witnesses. Is there anyone:

a. Who refuses to convict a person of child sexual abuse solely on the testimony of the child?

b. Who would require an independent eyewitness before convicting a person of child sexual abuse or evidence in the form of a picture(s) memorializing the sexual assault?

c. Who believes that the government cannot prove a person guilty beyond a reasonable doubt unless there is an independent witness who personally witnessed the sexual abuse?

45. Would any of you have difficulty following an instruction from the Court that consent is <u>not</u> a defense fo a charge of sexual abuse of a minor?

### V. Weight of Evidence.

46. Do all of you agree to consider the evidence as it relates to each defendant and each count independent of whether there may be more or less evidence as it relates to a co-defendant. Stated another way, do all of you agree to consider each count and evidence relating to it separate and apart from every other count?

10

### V. Dealings with the government

47. Have you or any of your relatives or close friends ever had any unfavorable dealings or involvement, for example, disputes, lawsuits, audits, etc., with the United States Government, the FBI or the United States Attorney's Office? Do any of you have any personal feelings against the federal government for whatever reason?

### VI. Legal training and experience

48. Have you had any training in law? If so:

    a. Are you a practicing attorney?

        (1) What was/is your area of practice?

        (2) Has your practice ever involved criminal law:

            (a) as a prosecutor? If so, where and when?

            (b) as a defense attorney? If so please describe the nature of your criminal defense practice?

49. Are you now, or have you ever been, a member of any criminal defense or prosecution-oriented associations or organizations? If so, please elaborate.

50. Have you have ever practiced criminal law, or presently practice criminal law, either as a prosecutor or defense attorney, would that experience prevent you from being a fair and impartial juror in this case?

51. Are any members of your family, close friends, or work associates attorneys or employed in law offices? If so, what type of law practice are they involved in?

11

52. Have you ever been a party civil litigation, either as a plaintiff or defendant? If so, what was the nature of the litigation and the outcome? Is there anything about that experience which would cause you difficulty in being fair and impartial in this case?

## VII. Involvement in the criminal justice system

53. Have you, or has any member of your family, or any close friend, ever been the victim of a crime or participated in a criminal case as a complainant, witness for the government, or in some other capacity? If yes, please explain.

54. Have you, or has any member of your family, or any close friend, been arrested or the subject of a criminal investigation, or participated in a criminal case as a defendant, witness for the defense, or in some other capacity? If yes, please explain.

## VIII. Dealings/disputes with the United States

55. Do you, or does any member of your family, or any close friend, have any dealings with the United States government or any of its agencies, from which you might profit?

56. Have you ever had, or do you now have, or do you presently anticipate having, any case or dispute with or claim against the United States government?

57. Are you, or have you ever been, an official or employee of the United States government? If yes, please explain.

58. Is any member of your family, or any close friend, or have they ever been, an official or employee of the United States government? If yes, please explain.

### IX. Impairment and bias questions

59. Do you have any physical or mental difficulties which might prevent you from seeing or reading exhibits introduced in evidence, form hearing the testimony that will come from the witness chair or otherwise interfere with your duties as a fair and impartial juror?

60. Are you now taking or do you anticipate taking medication of any kind during the course of the trial? What type of medication? Does this medication in any way affect your attention or your ability to concentrate, understand, consider and weigh the evidence in this case?

61. Do you have any convictions, whether moral, political, religious, philosophical or otherwise, that would prevent you from being a fair and impartial juror in this case or that would make it difficult for you to sit in judgment of your fellow man? For example, do you believe that no one should ever be convicted? Do you believe that a person is guilty just because he is here in court?

62. Does any member of the panel feel that the criminal justice system treats those accused of a crime too harshly or too leniently?

63. If you were representing the government or the defendant in this case, is there any reason why you would not be content to have this case decided by someone in your frame of mind?

Dated at Green Bay, Wisconsin, this 28th day of March, 2005.

                        STEVEN M. BISKUPIC
                        United States Attorney

        By:    s/William J. Roach
               Assistant United States Attorney
               William J. Roach Bar Number: 1018756
               Attorney for Plaintiff
               Office of the United States Attorney
               Eastern District of Wisconsin
               205 Doty Street, Suite 302
               Green Bay, Wisconsin 54301
               Telephone: (414)788-9921
               Fax: (920) 884-2997
               E-Mail: william.j.roach@usdoj.gov