UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

      Plaintiff,

  vs.                                Case No. 04-CR-040

WILLIAM N. MARTIN,

      Defendant.

_____

## MOTION TO CORRECT SENTENCE
_____

Now comes the United States of America by United States Attorney for the Eastern District of Wisconsin Steven M. Biskupic and by Assistant United States Attorney William J. Roach, and hereby moves pursuant to Rule 35 of the Federal Rules Criminal Procedure to correct the sentence in the above entitled matter.

**Background**

On May 13, 2005, the defendant pled guilty to Counts Two, Four and Thirteen of a Fourth Superseding Indictment. Counts Two and Four alleged the production of child pornography from on or about October 25, 2002 and September 6, 2002 respectively. Count Thirteen alleged the possession of child pornography on January 23, 2004. The plea agreement in the case called for both government and defense to recommend nine years of supervised release as part of the defendant's sentence.

On August 4, 2005, the Court sentenced the defendant to a total of fifty years imprisonment and nine years supervised release. Specifically, and pursuant to the parties request, the court ordered three years of supervised release on Counts Two, Four and Thirteen with each term to run

consecutive. The Court, at sentencing, drew the parties attention to 18 U.S.C. § 3624(e) and stated that it would revisit the supervised release aspect of the sentence in the event consecutive terms could not be imposed.

**Argument**

Federal Rule Criminal Procedure 35(a) authorizes a court, within seven days of sentencing, to correct a sentence for technical or other error. In this case, the parties erred by requesting and the Court then imposing consecutive terms of supervised release in light of 18 U.S.C. § 3624(e) and supporting case law. *See United States v. Danser*, 270 F.3d 451, 454 (7th Cir. 2001); *United States v. Deutsch*, 403 F.3d 915, 917 (7th Cir. 2005).

Nonetheless, the Court has the authority to effectuate the intent of the parties by virtue of the fact that Count 13 has a maximum term of supervised release of up to life. The Protect Act, effective April 13, 2003, included a statutory provision, set forth at 18 U.S.C. § 3583(k), which extends the term of supervised release for child exploitation crimes to any term up to life. Since Count Thirteen of the Fourth Superseding Indictment occurred post Protect Act, the true maximum term of supervised release for that count is up to life.

The government respectfully requests that the Court correct its sentence by first imposing a term of supervised release on Count Thirteen consistent with its intent and statutory authority. The government suggests a term of nine years– the amount originally the intent of the parties. Second, the government requests that the Court impose the terms of supervised release concurrent with each other as required by 18 U.S.C. § 3624(e).

Respectfully submitted this _____ day of August, 2005.

                                        STEVEN M. BISKUPIC
                                        United States Attorney

                    By:

s/William J. Roach
Assistant United States Attorney
William J. Roach Bar Number: 1018756
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
205 Doty Street, Suite 302
Green Bay, Wisconsin 54301
Telephone: (414) 788-9921
Fax: (920) 884-2997)
E-Mail: william.j.roach@usdoj.gov