UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
GREEN BAY DIV.
'06 AUG -1 P1 :01
ORIGINAL
FILED
SOFRON B. NEDILSKY
CLERK

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 04-CR-40
Green Bay, Wisconsin
May 13, 2005

WILLIAM N. MARTIN, JR.,
11:01 a.m.
Defendant.

TRANSCRIPT OF CHANGE OF PLEA HEARING
BEFORE THE HONORABLE WILLIAM C. GRIESBACH
UNITED STATES DISTRICT JUDGE

APPEARANCES:

OFFICE OF THE U.S. ATTORNEY, EASTERN DISTRICT, by **WILLIAM J. ROACH**, Attorney at Law, 517 E. Wisconsin Avenue, Room 530, Milwaukee, Wisconsin 53202-4509, appeared on behalf of the United States, plaintiff.

FEDERAL DEFENDER SERVICES OF WISCONSIN, by **THOMAS E. PHILLIP**, Attorney at Law, 801 E. Walnut Street, Second Floor, Green Bay, Wisconsin 54301, appeared on behalf of William N. Martin, Jr., defendant.

ALSO PRESENT: **MITCH FARRA**, U.S. Probation

Pages 1 through 25

275

P R O C E E D I N G S

THE DEPUTY CLERK: The Court calls Case No. 04-CR-40, United States v. William N. Martin, Jr., for a Change of Plea.

May I have the appearances, please.

MR. ROACH: Good morning. William Roach on behalf of the Government.

THE COURT: Good morning, Mr. Roach.

MR. PHILLIP: Tom Phillip appears along with Mr. Martin. He's here in person and in custody.

THE COURT: Good morning.

MR. FARRA: Also, on behalf of U.S. Probation, Mitch Farra. Good morning.

THE COURT: Good morning, Mr. Farra.

Well, this matter is before me, as the Clerk said, for a Change of Plea Hearing. And I do have the written plea agreement before me. It appears to bear the signatures of Counsel and Mr. Martin.

Mr. Phillip, did you have the opportunity to read over the plea agreement with your client?

MR. PHILLIP: Yes, last night, and we've gone through that. And Mr. Martin and I signed it last night. I believe the Government signed it this morning.

THE COURT: He understands that by entering this plea then, he'll be withdrawing or waiving his plea to not guilty by reason of insanity --

MR. PHILLIP: Yes.

THE COURT: -- and any other defense that he intended to raise?

MR. PHILLIP: Yes.

THE COURT: Are you satisfied from your conversations with your client that any plea he enters today will be a knowing and a voluntary one?

MR. PHILLIP: Yes.

THE COURT: Mr. Martin, is that correct? Is it your intention to proceed and enter guilty pleas to three of the counts of the superseding indictment?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Would you please stand then, and the Clerk will administer the oath. I'll ask you some additional questions at that time.

(Whereupon, the defendant was sworn.)

THE COURT: Be seated. Your name is William N. Martin, Jr., is that correct?

THE DEFENDANT: That's correct.

THE COURT: Mr. Martin, how old are you?

THE DEFENDANT: Thirty-three.

THE COURT: And your date of birth?

THE DEFENDANT: June 28th, '71.

THE COURT: How far have you gone in school?

THE DEFENDANT: Eleventh grade, got my GED, went to college for two years.

THE COURT: So you read and write?

THE DEFENDANT: Yes, sir.

THE COURT: And what kinds of employment have you held as an adult?

THE DEFENDANT: I'm an electrician, heat and air conditioning expert. I work with restaurant equipment mostly.

THE COURT: Okay. Have you ever been diagnosed as having a mental illness or a developmental disability of any kind? And I know that there is a report that indicates a mental disorder, but I'm thinking in terms of schizophrenia or severe clinical depression, something along those lines.

THE DEFENDANT: Not that I recall as an adult, no.

THE COURT: Are you taking any medication or anything at this time?

THE DEFENDANT: Nothing for -- nothing that could affect my ability to know right from wrong.

THE COURT: Okay, and have you had enough time to speak with your attorney about your options in this case?

THE DEFENDANT: As much time as there's allowed.

THE COURT: Is that sufficient? Do you think you understand what your options are and you've had enough time to talk --

THE DEFENDANT: Yes, I do understand what my options are.

THE COURT: All right. Are you under the influence of anything today?

THE DEFENDANT: No.

THE COURT: I understand from the terms of the plea agreement -- and first of all, you did sign this agreement?

THE DEFENDANT: Yes.

THE COURT: Did you sign it after reading it over and discussing it with your attorney?

THE DEFENDANT: Yes, I did.

THE COURT: Okay. I understand from the terms that you're going to enter a plea of guilty to Counts Two, Four and 13. Count Two charges aggravated sexual assault of a child on October 25th, 2002. Count Four has that charge as of September 6, 2002, and Count

13 charges possession of child pornography on or about January 23rd of 2004. Is that correct? Is that your intention today?

THE DEFENDANT: Yes.

THE COURT: Under the terms of the agreement then, at the time of sentencing, the Government will be moving to dismiss the other counts, is that correct, Mr. Roach?

MR. ROACH: Yes, Your Honor.

THE COURT: The Government will also be making a recommendation of 50 years in prison. Your attorney will make a recommendation of not less than 35 years. Is that your understanding of the agreement?

THE DEFENDANT: Yes.

THE COURT: Mr. Martin, I'd like to discuss with you and go over the elements of the three crimes that you're going to enter your plea of guilty to. The elements are important. This tells you what the Government would have to prove for you to be found guilty if you were not entering a plea of guilty today.

On the first two counts, or Count Two and Four, sexual exploitation of a child in violation of Title 18, U.S. Code Section 2251(a), the Government would have to prove the following three elements as to each charge:

First, that at the time of the offense, the victim

was under the age of 18;

Second, that the defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing any visual depiction of such conduct;

And third, the visual depiction was produced using materials that had been mailed, shipped or transported across state lines or in foreign commerce.

I think I misspoke earlier in calling these offenses aggravated sexual assault. They're sexual exploitation of a child. Those are the first two counts or Counts Two and Four.

Do you understand those offenses or the elements of those offenses, Mr. Martin?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The term "sexually explicit conduct" has a definition set forth in the statute, I take it, Mr. Roach, is that correct?

MR. ROACH: It does, yes. Within Section 2256, 18 U.S. Code 2256, "sexually explicit conduct" is defined in subparagraph 2(a). I can read that definition if the Court would like.

THE COURT: Yes, please. Listen closely, Mr. Martin. This tells you what the conduct is that the Government would have to prove that you employed,

used, persuaded, induced or enticed or coerced the victim to take part in. Go ahead.

MR. ROACH: Thank you. Pursuant to that definition -- or pursuant to that subsection, "sexually explicit conduct" means actual or simulated sexual intercourse, including genital-to-genital, oral-to-genital, anal-to-genital or oral-to-anal, whether between persons of the same or opposite sex."

"It also includes bestiality, masturbation, sadistic or masochistic abuse or lascivious exhibition of the genitals or pubic area of any person."

THE COURT: Any questions about the elements of those offenses, Mr. Martin?

THE DEFENDANT: No, Your Honor.

THE COURT: Okay. Then the other count, Count 13, possession of child pornography, requires proof of these three elements:

First, that you possessed a hard drive or other digital media containing child pornography;

Third (sic), that you knew there were images of child pornography on the hard drive or other digital media, and:

Third, that the item on which the child pornography was contained had been transported in interstate commerce.

Do you understand those elements?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The definition of child pornography, Mr. Roach, where is that set forth in the statute?

MR. ROACH: That is also within 2256, subsection 8. "Child pornography means any visual depiction, including any photograph, film, video, picture or computer or computer-generated image or picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, in this case, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."

The definition there, of course, contains the further relevant phrase, "sexually explicit conduct," and that has the same meaning that I've already read to the Court.

THE COURT: All right. Any questions about what child pornography is, Mr. Martin?

THE DEFENDANT: No, Your Honor.

THE COURT: The penalties for these offenses are listed in paragraph six on page eight of the plea agreement.

The first two counts carry mandatory minimum

sentences of 10 years' imprisonment, maximum sentences of 20 years' imprisonment, a $250,000 fine and three years of supervised release. Also, a $100 special assessment must be assessed.

The third count, Count 13, the charge of possession of -- or child pornography carries a maximum sentence of 10 years' imprisonment, a $250,000 fine, three years of supervised release and $100 special assessment.

So in other words, Counts Two and Four, the minimum sentence you can receive is 10 years on each of those counts. The maximum is 20. Count 13 is a maximum of 10 years.

If the sentences -- the maximum sentences were to be imposed consecutively, the maximum term of imprisonment you could receive based upon the conviction for all three counts would be 50 years. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: The minimum you could receive, as I read the penalties, would be 20 years or actually 10 if they were all concurrent. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right. If I accept

your plea today, Mr. Martin, you will be found guilty of these offenses, and the next hearing we'll have will be sentencing. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Sentencing will be governed, to some extent at least, by the United States Sentencing Guidelines. The Sentencing Guidelines, of course, are advisory. They are no longer mandatory, but the Court is still required to determine the sentence range using the Guidelines.

A number of the provisions of the agreement you've reached with the Government relate to the application of the Sentencing Guidelines. Are you familiar with those provisions?

THE DEFENDANT: I believe so.

THE COURT: You've discussed them with your attorney?

THE DEFENDANT: Yeah. Yes.

THE COURT: You understand that the way in which the Guidelines work is they require the Court to determine the level of your offense severity and then your criminal history score and using those two variables to determine the range within which your sentence should fall. That's your understanding?

THE DEFENDANT: Yes.

THE COURT: All right, and several provisions of the agreement indicate what the base offense level, certain offense characteristics -- how they would govern the offense level, and relevant conduct as well.

You understand that neither the Court nor the probation agent who will prepare the PreSentence Report are parties to this agreement? You understand that?

THE DEFENDANT: Yes.

THE COURT: It can turn out that the Court's determination of the Guideline range turns out sometimes to be different than what the parties have agreed to. If that occurs in this case, that's not grounds to withdraw your plea. You understand that?

THE DEFENDANT: Yes.

THE COURT: In any event, the Court is required to utilize the Guidelines as advisory now. So even if the Court were to sentence you outside of the Guidelines for reasons independent of the Guidelines, that would not constitute grounds to withdraw your plea. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right. Mr. Martin, by entering a plea, you'll be waiving, as I said, your right to a trial and all the rights that accompany it.

Do you have any questions about those rights?

THE DEFENDANT: No, Your Honor.

THE COURT: Can you describe for me in your own words what a jury trial or what a trial is?

THE DEFENDANT: From what I know, a jury trial is a chance for me to prove my innocence to 12 people, to show any type of evidence we may show and the prosecutor showing any type of evidence they may have to prove that I'm guilty.

THE COURT: Okay. It's generally correct, but let me make certain that you understand certain fundamental principles about a jury trial.

The first thing that's of importance is that throughout the trial -- and you are entitled to the legal presumption of innocence, which means that the jury starts out or you start out with this presumption of innocence.

It cannot be overcome until and unless either you waive your rights and enter a plea of guilty, as you're doing today, or a jury finds that that presumption is overcome by evidence that convinces them beyond a reasonable doubt that you are guilty.

In the course of a trial, the Government would have the opportunity to attempt to convince a jury to that degree of certainty. Your attorney could try to

convince the jury that the evidence does not support such a verdict, does not show your guilt.

The first step in a jury trial is the selection of the jury. You would be able to participate in that process by submitting questions that the jurors could be asked.

We would convene and put together a jury of 12 citizens from this District who would be fair and impartial in the sense that they would have no interest in the outcome of the case, they would have no relationship to any party or witness.

In the course of the trial, you'd have the right to the continued assistance of your attorney. You could confront and cross-examine the witnesses called by the Government. You could call your own witnesses; to get a subpoena or a court order, if necessary, to bring them to court so that you could introduce evidence that might be favorable to your defense.

You could also testify on your own behalf, take the oath as you did earlier today, tell your side of the story and have the jury consider that in deciding whether or not the Government had met its burden of proof.

On the other hand, you could also remain silent, and if you chose to remain silent, the Government -- or

the jury would be instructed that they may not hold that against you, that it is not evidence against you in any way. Do you understand those rights?

THE DEFENDANT: Yes.

THE COURT: And before you could be found guilty, all 12 of the jurors would have to be convinced beyond a reasonable doubt that the Government had proven your guilt. In other words, the jury would be unanimous.

By entering a plea of guilty to these charges, you are giving up or waiving these rights to a trial and all the rights that accompany it. Has anyone made any promises or -- other than the promises that are contained in the plea agreement -- to get you to waive your rights and enter such a plea?

THE DEFENDANT: No, Your Honor.

THE COURT: Has anyone made any threats against you or anyone else to get you to do so?

THE DEFENDANT: No.

THE COURT: I understand also that as part of this agreement, Dodge County has agreed that it will not issue charges or prosecute you for offenses that they're aware of at this point?

MR. ROACH: Under certain circumstances, yes, Judge.

THE COURT: In the event that you receive a sentence of at least 50 years, is that correct?

MR. ROACH: Yes, Judge.

THE COURT: And that's part of your agreement, and that's part of why you're entering a plea here today, Mr. Martin, is that correct?

THE DEFENDANT: Yes.

THE COURT: All right. It appears from the agreement that you are also giving up and waiving your right to appeal from your conviction and sentence, subject to certain exceptions. Your waiver of your right to appeal and to seek post-conviction relief does not extend to an appeal or post-conviction motion based upon any punishment in excess of the statutory maximum.

It does not apply to the Sentencing Court's reliance on any constitutionally impermissible factor, and it does not limit your right to challenge your conviction or sentence based upon a claim of ineffective assistance of Counsel.

In all other respects, however, you are giving up your right to appeal as part of your agreement with the Government, is that right?

THE DEFENDANT: Yes.

THE COURT: Is there a forfeiture

provision also, Mr. Roach?

MR. ROACH: Yes, Your Honor, paragraph 37.

THE COURT: The Government has filed a -- has included along with the indictment a forfeiture action in which it seeks to forfeit -- I take it this relates to computers and things of that nature?

MR. ROACH: Yes, Judge, computers and --

THE COURT: They're listed in the indictment?

MR. ROACH: Yes. There's a forfeiture provision in the indictment that lists the computers and the other relevant material, basically some camcorders and cameras and things, items that were used to produce sexually explicit images.

THE COURT: All right, and you understand that by agreeing to this agreement, this property will be forfeited to the United States Government, is that your understanding, Mr. Martin?

THE DEFENDANT: Yes.

THE COURT: All right. Do you have any questions about anything in the agreement or anything I've discussed with you today?

THE DEFENDANT: Not really a question.

I have kind of a statement to make or, you know, something that -- the reason why I'm pleading guilty to this is --

THE COURT: Sure.

THE DEFENDANT: -- because I am guilty of the three charges I'm pleading guilty to. I am withdrawing my plea of insanity by reason of -- or not guilty by reason of insanity not because I feel that that's not true, but because in order for me to go to trial, the child victims have to testify. Regardless that they're not needed to testify, we are willing to put stipulated facts, agree to everything they said in any type of statements they made just to go to the trial on the NGI plea, but the prosecutor says, no, they're going to stick them out there anyway; therefore, causing them harm and hurting them, and I'm not going to do that. That's why I'm pleading guilty today, is because I don't -- I don't want them to go to trial. They don't need to go to trial.

And I don't know -- I guess the prosecutor feels that it's better to make them go.

THE COURT: Mr. Roach, your position is you need those witnesses even if he would stipulate to the facts, is that your understanding? Is that --

MR. ROACH: Absolutely, Judge. In this

case, there certainly was or is video and film evidence of Mr. Martin sexually abusing these children as well as sexually explicit images of the children that Mr. Martin took or was responsible for in concert with others.

But above and beyond that, there are some offenses charged here that necessitate facts beyond simply those images of the children. Statements that Mr. Martin has made to the children regarding the travel of others and so on and so forth, there's so many more pertinent, necessary facts that the children would testify to beyond simply the assaults memorialized by Mr. Martin.

THE COURT: Mr. Martin, I take it from your reaction that you disagree with the Government's position, but you understand it, is that correct?

THE DEFENDANT: That's correct.

THE COURT: You've discussed this matter with your attorney as well?

THE DEFENDANT: Yes, I have.

THE COURT: Knowing that regardless of your willingness to stipulate to the underlying facts of the case, that the Government would call these witnesses, you've decided to waive your rights,

including your defense of insanity, is that right?

THE DEFENDANT: That's correct.

THE COURT: All right. Mr. Martin, then I'm going to ask that you tell me out loud and for the record, first of all, your plea to Count Two; that on or about October 25th, 2002, in the State and Eastern District of Wisconsin, you, along with Adam Brown and Joel Klein (phonetic), employed, used, persuaded, induced and enticed a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Your plea?

THE DEFENDANT: Guilty.

THE COURT: Count Four, the same offense on September 6th of 2002.

THE DEFENDANT: Guilty.

THE COURT: And Count 13, the offense of possession of child pornography on January 23rd of 2004.

THE DEFENDANT: Guilty.

THE COURT: Mr. Roach, I take it you are offering as factual support the facts set forth in paragraph five, is that correct?

MR. ROACH: Yes.

THE COURT: Mr. Martin, you've, as part of your preparation for this hearing today, read over

the facts in paragraph five?

THE DEFENDANT: Yes, I have.

THE COURT: Do you have any objection to my relying upon those facts for purposes of accepting your plea today?

MR. PHILLIP: Once again, Judge, there are some facts that Mr. Martin likely disagrees with, but there are enough facts within the paragraph five upon which you can base acceptance of the plea.

THE COURT: All right. Is that your position, Mr. Martin?

THE DEFENDANT: Yes.

THE COURT: All right. I am satisfied then that the pleas of guilty entered by the defendant are made knowingly and voluntarily. The defendant understands the elements of each of the offenses. He understands the maximum and minimum penalties. He understands the application of the Sentencing Guidelines.

I also find that he understands his right to a jury trial, all the rights that accompany a jury trial. He's freely and voluntarily waived those rights.

His pleas of guilty are supported by a factual basis that is set forth on the record and in the plea agreement.

I accept the pleas of guilty, and I find the defendant guilty of Counts Two, Four and 13 in the fourth superseding indictment as set forth.

We'll schedule this matter for sentencing then. I've been asked to schedule it the week of August 1st. Any problem with that week, Mr. Phillip?

THE DEFENDANT: No. Other than the Friday is a potential problem, but the rest of the week is free.

THE COURT: Can you tell me how long the sentencing might last, Mr. Roach?

MR. ROACH: I can address that a little bit. I have just one point as far as the plea agreement is concerned before we leave that.

The Court, of course, knows the thrust of the issues at sentencing or at least the Government's position of this matter at sentencing. In essence, we're asking for 50 years.

But, of course, this plea agreement spells out in some further detail some of the specifics the Government is asking and seeking for. And I don't think there's a need to say these all on the record now.

The fact that Mr. Martin has already said that he's reviewed the plea agreement and understands it takes care of that.

But on the point of sentencing, the plea agreement discusses sentencing, and the specific agreement of the parties is that as far as sentencing is concerned, the parties are not going to be calling expert witnesses. So that will certainly limit the amount or the length that a sentencing may go.

But certainly the Government in this case is going to comply with the victim rights notification law and will be giving notice to all the victims. And at this point, I don't know which victims, if any, intend on making statements, victims and/or mothers or family members.

I think we should err on the side of caution, though, and reserve enough time because we have at least five sets of guardians, mothers, parents, and upwards of eight, nine, 10 child victims, that will all be notified.

Now again, whether they all -- whether any of them decide to make statements are yet to be determined, but those are the numbers of individuals we would notify pursuant to a sentencing date.

THE COURT: How about August 4th at 1:30 in the afternoon?

MR. PHILLIP: That's fine with me.

MR. ROACH: That should be fine. I

don't see any other issue with that date, Judge, at this time.

THE COURT: Is there anything further to address today?

(No response.)

THE COURT: All right. Then this matter is removed from the trial calendar. The pleas are entered and accepted, and we'll await sentencing.

(Whereupon, at 11:26 a.m., the proceedings were concluded.)

REPORTER'S CERTIFICATION

I, JOHN W. GALES, Notary Public and Registered Professional Reporter in and for the State of Wisconsin, certify:

That the foregoing proceedings were recorded digitally and were thereafter transcribed;

That the foregoing is a true and accurate record of the proceeding;

I further certify that I am not a relative or employee of any attorney or any of the parties, nor financially interested in the action.

I declare under the penalty of perjury under the laws of the State of Wisconsin that the foregoing is true and correct.

Dated this 31 day of July, 2006.

JOHN W. GALES
Registered Professional Reporter
Registered Merit Reporter
Notary Public, State of Wisconsin
My commission expires 11/25/2007.